RICHARD H. RAHM, Bar No. 130728
rrahm@littler.com
ROD M. FLIEGEL, Bar No. 168289
rfliegel@littler.com
AMY S. MORGENSTERN, Bar No. 267412
amorgenstern@littler.com
LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
Telephone:   415.433.1940

Attorneys for Defendant
CPC LOGISTICS, INC.

HOFFMAN EMPLOYMENT LAWYERS LLP
MICHAEL HOFFMAN, Bar No. 154481
mhoffman@employment-lawyers.com
ALEC SEGARICH, Bar No. 260189
asegarich@sfemployment-lawyers.com
100 Pine Street
Suite 1550
San Francisco, CA  94111
Telephone:   415.362.1111

Attorneys for Plaintiff
NAZAL SADIQ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NAZAL SADIQ, individually, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CPC LOGISTICS, INC., and DOES 1through 10, inclusive,<br><br>Defendant. | Case No. CV 10-02356 EDL<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:     August 31, 2010<br>Time:    10:00 a.m.<br>Ctrm., Fl.: E, 15th<br>Judge:   Hon. Elizabeth D. Laporte<br><br>Compl. Filed:  April 30, 2010 |

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

Case No. CV 10-02356 EDL

Pursuant to Local District Court Rule 16-9, the Court's Standing Order for All Judges of the Northern District of California, and the Court's Order Setting Case Management Conference, defendant CPC Logistics, Inc. ("Defendant") and plaintiff Nazal Sadiq ("Plaintiff"), by and through their respective counsel, jointly submit this Joint Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

**1.     Jurisdiction and Service:**

The parties are unaware of any service of process, personal jurisdiction, subject matter jurisdiction, or venue issues at this time. The parties concur that this suit is properly brought in federal court pursuant to its jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2)(A-C).

**2.     Facts:**

Defendant is incorporated in the State of Missouri and headquartered in Chesterfield, Missouri. It provides professional truck driver services to private truck fleet operations throughout North America. Plaintiff has been employed as a relief truck driver of Defendant in the State of California since February 22, 2010. Throughout his employment, Plaintiff has been paid on an hourly basis with a minimum guarantee.

On April 30, 2010, Plaintiff filed his Complaint alleging the following causes of action: (1) Failure to Provide Meal and Rest Breaks (Cal. Labor Code §§ 226.7, 512); (2) Failure to Furnish Wage and Hour Statements (Cal. Labor Code §§ 226(e), 226.3); (3) Failure to Compensate Employees for All Hours Worked (IWC Wage Order No. 7, Cal. Labor Code); (4) Failure to Maintain Employee Time Records (Cal. Labor Code § 1174(d)); (5) Failure to Pay Minimum Wage (Cal. Labor Code § 1194); (6) Unfair Competition (Cal. Bus. & Prof. Code § 17200, *et seq.*); and (7) Failure to Provide Local Payroll Checks (Cal. Labor Code § 212(a). Plaintiff seeks penalties pursuant to the California Private Attorneys General Act of 2004 ("PAGA"), California Labor Code § 2698, *et seq*. Plaintiff also alleges this case on a class basis; the class is pled as including all current and former short-haul truck drivers employed in California since April 30, 2006, a period of 4 years prior to the filing date of the Complaint.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER     2.     Case No. CV 10-02356 EDL

Defendant denies all allegations associated with Plaintiff's claims. Defendant asserts that it has complied with applicable California law and that Plaintiff and the putative class members are entitled to no recovery. In addition, Defendant contends that this case is not appropriate for class treatment as they fail to satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. Should the case progress beyond summary judgment or class certification Defendant intends to bring a motion to stay the proceedings until the California Supreme Court issues its decision in the matter of *Brinker Restaurant Corporation v. Superior Court,* 165 Cal. App. 4th 25, 80 Cal. Rptr. 3d 781 (2008), *rev. granted*, 196 P. 3d 215 (Cal. 2008). Plaintiffs would oppose a motion to stay to the extent the *Brinker* decision relates to the merits of their meal and rest claims, which do not affect the Court's role in determining class certification. *See Jaimez v. Daiohs USA, Inc.* (2010) 181 Cal. App. 4th 1286, 1303-1304.

**3.    Legal Issues:**

The parties dispute the following legal issues:

- Whether Plaintiff and the putative class members complied with Defendant's policies and procedures;
- Whether Plaintiff and the putative class members received a full 10-hour rest period between shifts as required by state and federal laws;
- Whether Defendant failed to provide Plaintiff and the putative class members with meal and/or rest breaks in violation of California Labor Code §§ 226.7 and 512;
- The Industrial Welfare Commission Wage Order applicable to Plaintiff's claims;
- The legal standards applicable to Plaintiff's meal period claim given the pending decision by the California Supreme Court in the matter of *Brinker Restaurant Corporation v. Superior Court,* 165 Cal. App. 4th 25, 80 Cal. Rptr. 3d 781 (2008), *rev. granted*, 196 P. 3d 215 (Cal. 2008);

1
2
3
- Whether Defendant failed to furnish Plaintiff and the putative class members accurate itemized wage statements in violation of California Labor Code § 226;

4
5
6
- Whether any alleged failure by Defendant to comply with California Labor Code § 226(a) was a "knowing and intentional failure" under California Labor Code § 226(e).

7
8
9
- Whether Plaintiff and the putative class members sustained any injury from any alleged failure by Defendant to comply with California Labor Code § 226(a);

10
11
- Whether Defendant had a policy of not compensating Plaintiff and the putative class members for all hours worked;

12
13
- Whether Defendant failed to pay Plaintiff and the putative class members minimum, regular, or overtime wages;

14
- Whether Plaintiff and the putative class members were paid overtime wages;

15
16
- Whether Plaintiff and the putative class members were entitled to overtime wages;

17
- Whether Defendant misclassified truck drivers as "exempt" from overtime;

18
19
- Whether Defendant failed to pay truck drivers for "on-call" waiting time of over four hours a day;

20
21
- Whether Defendant misclassified Plaintiff and the putative class members as "independent contractors;"

22
23
- Whether any alleged failure by Defendant to pay Plaintiff and the putative class members minimum wages was intentional;

24
25
- Whether Plaintiff and putative class members are entitled to attorneys' fees under California Labor Code § 218.5;

26
27
- Whether Plaintiff and the putative class members are entitled to civil penalties under California Labor Code § 210(a)(2);

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER — 4. — Case No. CV 10-02356 EDL

- Whether Plaintiff and the putative class members are entitled to waiting time penalties under California Labor Code § 203;
- Whether Plaintiff and the putative class members are entitled to penalties pursuant to California Labor Code § 206;
- Whether Defendant failed to maintain employee time records at a central location in California, pursuant to California Labor Code § 1174(d);
- Whether Defendant failed to maintain accurate time records for Plaintiff and the putative class members, in violation of California Labor Code § 1174(d);
- Whether Defendant committed acts of unfair competition in violation of California Business & Professions Code § 17200;
- Whether Plaintiff and the putative class members were required to pay a fee to cash their paychecks;
- Whether Plaintiff exhausted his administrative remedies pursuant to Labor Code § 2699.3;
- Whether Plaintiff has standing to bring claims for civil penalties on behalf of others as an "aggrieved employee," pursuant to PAGA;
- Whether Plaintiff and the putative class members are entitled to recover penalties under PAGA;
- Whether Plaintiff can adjudicate the claims of other present or former truck drivers of Defendant, pursuant to PAGA, without first meeting the requirements of Rule 23 of the Federal Rules of Civil Procedure;
- Whether this action satisfies the requirements of a Rule 23 class action;
- Whether Plaintiff is an adequate class representative;
- Whether Plaintiff's counsel may serve as counsel in a class action;
- Whether Plaintiff and the putative class members are entitled to legal or equitable relief on any of the claims pleaded in the actions;
- Whether injunctive relief may be awarded; and

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER        5.        Case No. CV 10-02356 EDL

- Whether penalties, compensatory damages, costs, or attorney's fees may be awarded.

**4. Motions:**

Defendant anticipates filing a motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendant also anticipates filing a motion to deny class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure and as needed a motion to decertify the class, if the class is certified. Should the case progress beyond summary judgment or class certification Defendant intends to bring a motion to stay the proceedings until the California Supreme Court issues its decision in the matter of *Brinker Restaurant Corporation v. Superior Court,* 165 Cal. App. 4th 25, 80 Cal. Rptr. 3d 781 (2008), *rev. granted*, 196 P. 3d 215 (Cal. 2008).

Plaintiff intends to file a motion for class certification. As well, Plaintiffs would oppose a motion to stay to the extent the *Brinker* decision relates to the merits of their meal and rest claims, which do not affect the Court's role in determining class certification. *See Jaimez v. Daiohs USA, Inc.* (2010) 181 Cal. App. 4th 1286, 1303-1304.

**5. Amendment of Pleadings:**

There has been no amendment of the pleadings, although, Plaintiff has considered filing an amended complaint depending on the results of early investigations and discovery.

**6. Evidence Preservation:**

The parties have taken steps to preserve evidence relative to this case through notification of such obligation to their respective clients.

**7. Disclosures:**

The parties have been ordered to exchange the information required by Rule 26(a) of the Federal Rules of Civil Procedure no later than August 27, 2010.

**8. Discovery:**

Because this is a putative class action, Defendant proposes conducting discovery in two phases: Phase 1, discovery related to Plaintiff's individual claims and discovery related to the propriety of class certification; and Phase 2, discovery regarding the merits of the class claims.

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER     6.     Case No. CV 10-02356 EDL

1  Defendant proposes to disclose information related to Phase 1 only. In the event this matter is
2  certified as a class action, the parties respectfully requests permission from the Court to submit a
3  discovery plan as to class-wide liability.

### 9. Class Actions:

The parties propose that Plaintiff files his motion to certify a class action no later than February 10, 2011, Defendant files its opposition papers no later than March 10, 2011, and Plaintiff files his reply papers no later than March 24, 2011. The parties propose that the hearing on Plaintiff's motion to certify a class is set no later than April 5, 2011. Defendant also anticipates filing a motion to deny class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure and as needed a motion to decertify the class, if the class is certified.

### 10. Related Cases:

The parties are not aware any other related case.

### 11. Relief:

Plaintiff seeks monetary damages under the California Labor Code as discussed above, including premium pay for missed meal periods and rest breaks and unpaid wages. Plaintiffs also will seek penalties under the Labor Code and PAGA for inaccurate wage and hour statements, waiting time penalties, and other penalties. As well, Plaintiffs will seek restitution for unpaid wages based on their unfair business practice claims, attorney fees and costs, and interest. Currently, Plaintiffs have not made specific damage calculations, and will not do so until they have completed sufficient discovery of the scope of the class and the extent of the alleged violations.

At present, Defendant has not filed any counterclaims. Defendant seeks dismissal of the action, its costs and attorneys' fees. Defendant claims Plaintiff and the members of the putative class are not entitled to any legal or equitable relief, because Defendant is not liable to Plaintiff or the putative class members on any of their claims for relief. In the event Defendant is found liable to Plaintiff or the putative class members on any of their claims, Defendant contends that any damage calculations must be performed on an individual basis, as Plaintiff and the putative class members will have worked different lengths of time, different amounts of time, and individualized facts will affect any damages suffered by them.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER    7.    Case No. CV 10-02356 EDL

**12.   Settlement and ADR:**

The Court entered the parties' Stipulation and Order Selecting ADR Process on August 20, 2010. The parties must complete the Early Neutral Evaluation ("ENE") no later than 90 days from the date of the order, or November 18, 2010. The parties have also met to discuss settlement, which they hope the ENE will facilitate.

**13.   Consent to Magistrate Judge For All Purposes:**

Plaintiff filed his consent to proceed before a Magistrate Judge on June 9, 2010. Defendant filed its consent to proceed before a Magistrate Judge on June 10, 2010. Pursuant to the Court's Reassignment Order dated June 14, 2010, the case had been reassigned to the Honorable Elizabeth D. Laporte for all further proceedings.

**14.   Other References:**

The parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   Narrowing of Issues:**

Defendant anticipates that its motion for summary judgment or partial summary judgment will significantly narrow Plaintiff's claims. Defendant also believes that the California Supreme Court's pending decision in the matter of *Brinker Restaurant Corporation v. Superior Court,* 165 Cal. App. 4th 25, 80 Cal. Rptr. 3d 781 (2008), *rev. granted*, 196 P. 3d 215 (Cal. 2008) will significantly narrow the issues in this case. Plaintiffs will not speculate on the outcome or effect of the *Brinker* decision, but will consider the scope of their claims as discovery continues. In the event the matter proceeds to trial, Defendant intends to request that any damages phase be bifurcated from the liability phase.

**16.   Expedited Schedule:**

Given the class allegations, the parties do not believe this case can be handled on an expedited basis with streamlined procedures.

**17.   Scheduling:**

As stated in Paragraph 8 above, because this is a putative class action, The parties propose conducting discovery in two phases: Phase 1, discovery related to Plaintiff's individual

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER                8.                Case No. CV 10-02356 EDL

claims and discovery related to the propriety of class certification; and Phase 2, discovery regarding the merits of the class claims.  At this stage of the litigation, the parties propose Defendant disclose information related to Phase 1 only.  In the event this matter is certified as a class action, the parties respectfully requests permission from the Court to submit a discovery plan as to class-wide liability.

The parties propose the following deadlines:

- Plaintiff's Certification Motion:  February 10, 2011.
- Defendant's Opposition to Certification Motion:  March 10, 2011.
- Plaintiff's Reply:  March 24, 2011.
- Hearing:  April 5, 2011.

**18.**   Trial:

Plaintiff has demanded a jury trial.  The parties are unable to anticipate the expected length of trial, which will depend on whether the matter proceeds as a class action.

**19.**   Disclosure of Non-party Interested Entities or Persons:

As stated in Defendant's Certificate of Interested Entity filed on May 28, 2010, Defendant has identified no other entity or person as having a financial interest in Defendant.

Plaintiff likewise is unaware of other interested parties beyond those identified in Defendants' Certificate of Interested Entities.

**20.**   Other Matters:

None.

Dated: August 24, 2010

      /s/  *Michael Hoffman*
MICHAEL HOFFMAN
HOFFMAN EMPLOYMENT LAWYERS LLP
Attorneys for Plaintiffs
NAZAL SADIQ, ET AL.

Dated: August 24, 2010

      /s/  *Richard H. Rahm*
RICHARD H. RAHM
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
CPC LOGISTICS, INC.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER     9.     Case No. CV 10-02356 EDL

## ATTESTATION OF CONCURRENCE

Pursuant to the Court's General Order 45, Section X(B), the filer of the document attests that concurrence in the filing of this document has been obtained from each of the signatories.

## CASE MANAGEMENT ORDER

The Joint Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

In addition, the Court orders:

**IT IS HEREBY ORDERED.**

DATED: _____     _____
HON. ELIZABETH D. LAPORTE
United States Magistrate Judge

FIRMWIDE:96227871.1 052273.1005